```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-60812-CIV-COHN
                                    MAGISTRATE JUDGE P. A. WHITE

WARD NEAL,                      :

        Plaintiff,              :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
STANLEY FRANKOWITZ, M.D.,       :
ET AL.,

        Defendants.             :
_____
```

## I. Introduction

The plaintiff Ward Neal, currently housed at the North Broward Detention Center, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>. [DE# 4].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>     the court shall dismiss the case at any time
>     if the court determines that –
>
>                 *   *   *
>
>     (B) the action or appeal –
>
>                 *   *   *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff names two defendants: Dr. Stanley Frankowitz and Dr. Richard D. Kimmel.  The plaintiff alleges that Dr. Frankowitz failed to discuss proper medical procedures with the plaintiff and failed to intervene when Dr. Kimmel refused to remove a defective

3

fistula, and Dr. Kimmel committed medical malpractice by failing to remove the fistula.  Specifically, the plaintiff alleges that he was admitted to the North Broward Medical Center on December 25, 2007 with a collapsed blood vessel, and Dr. Kimmel performed two surgeries over the next two days, placing a fistula in his right arm.  The plaintiff states that he was released back to jail and, approximately one to two weeks later, he developed an infection at the site of the fistula.  At that time, Dr. Frankowitz and others took culture samples and placed in an isolation cell.  The plaintiff complains that he was not advised of the results of the culture testing.  The plaintiff also alleges that two to three months after the surgeries he was again taken to the hospital and Dr. Kimmel placed a catheter in his groin area despite informing the plaintiff that the catheter was to be placed in his chest area.  The plaintiff further contends that he was discharged from the hospital although neither Dr. Kimmel nor Dr. Frankowitz removed the fistula, and he continues to suffer pain in the area.  The plaintiff seeks unspecified monetary and equitable relief.

The Eighth Amendment's prohibition on cruel and unusual punishments imposes a duty on prison officials to provide prisoners with "humane conditions of confinement," including adequate medical care.[1]  Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Farrow v. West, 320 F.3d 1235, 1242 (11 Cir. 2003).  It is a prison

---

[1] Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims  arise under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). In any event, the standards are the same.  Id.

official's deliberate indifference to an inmate's serious medical need that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To show that a prison official acted with deliberate indifference to his serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000)). First, the plaintiff must present evidence of an objectively serious medical need which is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Id. In either situation, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. Id. Second, the plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that serious medical need. Id. Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11 Cir. 1999).

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for nonmedical or unexplained reasons. Farrow, 320 F.3d at 1247 (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment). The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994). A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all." Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985).

Not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. Mere inadvertent or negligent failure to provide adequate medical care does not constitute deliberate indifference and cannot be said to constitute an unnecessary and wanton infliction of pain. McElligott, 182 F.3d at 1254. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. In fact, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. Hamm v. DeKalb County, 774 F.2d 1567, (11 Cir.), cert. denied, 475 U.S. 1096 (1986).

Moreover, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County

Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

### 1.   Serious Medical Need

The plaintiff has sufficiently alleged that he had a serious medical need.  The plaintiff has alleged that he had medical problems that necessitated surgical intervention, and thus his medical need constitutes a need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d at 1187.  As the plaintiff has demonstrated a serious medical need, the analysis can continue to determine whether the plaintiff has sufficiently alleged deliberate indifference.

### 2.   Deliberate Indifference

The plaintiff has failed to raise any factual allegations to show that either of the two individual defendants, Dr. Frankowitz or Dr. Kimmel acted with deliberate indifference to his serious medical needs.  The plaintiff alleges that Dr. Frankowitz failed to advise him of test results, discuss medical strategy and failed to remove the fistula.  Although the plaintiff may still experience some painful symptoms, the factual allegations do not suggest that Dr. Frankowitz had a culpable state of mind, and thus there is no deliberate indifference.  The plaintiff received medical care, and the facts indicate only a disagreement as to the required amount of communication between doctor and patient and both doctors' apparent medical decision not to remove the fistula.  A question of whether either doctor acted below the standard of medical care would be

appropriate in a state law medical malpractice action but cannot form the basis for a federal constitutional claim.

### III. Recommendation

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 25th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Ward Neal, Pro Se
      No. 500611861
      Broward County Detention Center (North)
      1550 N.W. 30th Avenue
      Pompano Beach, FL 33069